**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

12/17/15

**DORIAN E. RAMIREZ, CLERK**
**BY** scarranza

ACCEPTED
13-15-00571-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/17/2015 4:02:23 PM
Dorian E. Ramirez
CLERK

# CASE NO. 13-15-00571-CV

## IN THE COURT OF APPEALS FOR THE
## THIRTEENTH APPELLATE DISTRICT OF TEXAS

**NYDIA DE LA GARZA**                                                  **APPELLANT**

---

**MARIA PATRICIA SOLIS**                                              **APPELLEE**

## BRIEF OF APPELLANT

**HAROLD K. TUMMEL**
**SBN 20286675**
**LYDIA CASSO TUMMEL**
**SBN 00791830**
**Tummel & Casso**
**4430 South McColl Road**
**McAllen, Texas 78504**
**Tel. No.: (956) 664-2222**
**Fax No.: (956) 664-0522**

**ATTORNEYS FOR APPELLANT**

**IDENTITIES OF PARTIES AND COUNSEL**

| IDENTITIES OF PARTIES | IDENTITIES OF COUNSEL |
|---|---|
| Nydia De La Garza<br>        Plaintiff, Appellant | Harold K. Tummel *, **<br>State Bar No. 20286675<br>S.D. Tex. No. 11901<br>tummel@bizrgv.rr.com<br>Lydia Casso Tummel *, **<br>State Bar No. 00791830<br>S.D. Tex. No. 18782<br>lct@bizrgv.rr.com<br>Tummel & Casso<br>McColl At Trenton<br>4430 South McColl Road<br>Edinburg, Texas 78539<br>956-664-2222 (Tel.)<br>956-664-0522 (Fax) |
| Maria Patricia Solis<br>        Defendant, Appellee | Mr. Robert Garza *<br>State Bar No.<br>jrobert@rgarzalaw.com<br>Mr. Myles R. Garza<br>State Bar No.<br>myles@rgarzalaw.com<br>Law Office of Robert Garza, P.C.<br>1200 E. Harrison St.<br>Brownsville, Texas  78520<br>956-544-1111 (Tel.) |

* Trial Counsel
** Appellate Counsel

**TABLE OF CONTENTS**

| DESCRIPTION | PAGES |
|---|---|
| IDENTITIES OF PARTIES AND COUNSEL | 2 |
| TABLE OF CONTENTS | 3 |
| INDEX OF AUTHORITIES | 4 |
| STATEMENT OF THE CASE | 5 |
| ISSUES PRESENTED | 5 |
| STATEMENT OF FACTS | 5 |
| SUMMARY OF THE ARGUMENT | 8 |
| ARGUMENT | 8 |
| PRAYER | 10 |
| TRAP 9.4(i)(3) CERTIFICATE | 10 |
| CERTIFICATE OF SERVICE | 11 |
| APPENDIX 1: ORDER OF DISMISSAL | |
| APPENDIX 2: TEX. CIV. PRAC. & REM. CODE CHAPTER 74 EXCERPTS | |

# INDEX OF AUTHORITIES

## STATUTES AND CODES

Tex. Civ. Prac. & Remedies Code Section 74.001 .........................................9

Tex. Civ. Prac. & Remedies Code Section 74.001(12) ................................9

Tex. Civ. Prac. & Remedies Code Section 74.001(13) ................................9

Tex. Civ. Prac. & Remedies Code Section 74.001(23) ................................9

Tex. Civ. Prac. & Remedies Code Section 74.351 ...........................5, 7, 8, 9

Tex. Civ. Prac. & Remedies Code Section 74.351(a).....................................8

**STATEMENT OF THE CASE**

Appellant Nydia De La Garza ("Plaintiff") appeals from a dismissal of her personal injury claims against Appellee Maria Patricia Solis ("Defendant"), for failure to produce an expert report of the kind described in Texas Civil Practice & Remedies Code ("TCPRC") Section 74.351. (CR 13-23)

**ISSUE PRESENTED**

1. Did the trial court err in dismissing Plaintiff's claims for failure to produce a report of the kind described in TCPRC Section 74.351?

**STATEMENT OF FACTS**

Plaintiff was employed by The Home Care Team, Inc. ("THCT"), to work as a home healthcare services provider. As part of Plaintiff's job duties, Plaintiff would travel to and from the homes of various customers of THCT, to which Plaintiff was assigned. As part of Plaintiff's job duties, Plaintiff would move trash to trash collection containers for collection by private or public waste management organizations with whom such customers contracted. (CR 13-14)

On or about 11-10-13, and while engaged in her employment by THCT, Plaintiff sustained bodily injuries when she fell upon a hazardous inclined

walkway upon premises owned and controlled by Defendant, which were located at 1723-1725 East Taylor Street, Brownsville, Texas 78520. (CR 14)

On the occasion in question, Plaintiff was required to walk up and down a ramp outside the home upon said premises, in order to place trash in a trash collection container. On the occasion in question, the ramp was wet, slippery and unsafe for Plaintiff to walk upon. On the occasion in question, the ramp was not equipped with handrails, or other such safety devices. On the occasion in question, Plaintiff slipped and fell while walking on the ramp due to its wet, slippery and unsafe condition. On the occasion in question, Plaintiff sustained serious bodily injuries when she slipped and fell while walking on the ramp. (CR 14-15)

Plaintiff contends that on the occasion in question, Defendant committed various acts and/or omissions of negligence and gross negligence, which included: failing properly to inspect the condition of the subject premises; failing properly to make the subject premises reasonably safe for invitees; failing properly to repair or replace the carpet installed upon said ramp; failing properly to make said ramp reasonably safe when wet for invitees to walk upon; and failing properly to install handrails or other such safety devices as

would reasonably protect invitees walking upon said ramp against the risk of falling. Plaintiff further contends that said acts and/or omissions of negligence and gross negligence committed by Defendant on the occasion in question proximately caused Plaintiff's subject slip/fall and Plaintiff's damages made subjects of this case. (CR 15)

Plaintiff further contends that as proximate results of the negligence and gross negligence of Defendant, Plaintiff sustained past and probable future physical pain, past and probable future physical impairment, past and probable future mental anguish, past and probable future medical care expenses, past and probable future loss of earning capacity, and past and probable future loss of services. (CR 15)

Plaintiff sued Defendant in the case at bar on 5-16-14. On 5-28-14, Defendant filed her original answer. (CR 4-6) On 8-12-15, Defendant filed her motion ("Defendant's Motion") to dismiss for failure to produce an expert report pursuant to TCPRC Section 74.351. (CR 7-9) On 8-27-15, Plaintiff filed her response ("Plaintiff's Response") to Defendant's Motion. (CR 10-12) On 10-20-15, Plaintiff filed her twelfth amended original petition. (CR 13-21) On 11-12-15, the Court heard Defendant's Motion. (CR 24) By order dated

11-25-15, the Court granted Defendant's Motion.  (CR 22-23)

On 12-1-15, Plaintiff filed her notice of appeal from said order of dismissal. (CR 25-28)

## SUMMARY OF THE ARGUMENT

Because Defendant is not a health care provider or physician, Plaintiff's claims against Defendant are not health care liability claims.   Therefore, Plaintiff owed no duty to Defendant to produce an expert report pursuant to TCPRC Section 74.351.

## ARGUMENT

### Issue 1

Did the trial Court err in dismissing Plaintiff's claims for failure to produce a report of the kind described in TCPRC Section 74.351?

In a **health care liability claim**, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.  TCPRC Section 74.351(a).

A health care liability claim means a cause of action **against a health**

**care provider or physician** for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. TCPRC Section 74.001(13)

A health care provider means any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care... TCPRC Section 74.001(12). A physician means an individual licensed to practice medicine in this state... TCPRC Section 74.001(23).

Defendant is not a health care provider nor a physician as defined by TCPRC Section 74.001. Therefore Plaintiff's claims against Defendant are not health care liability claims, and Plaintiff had no duty to Defendant to produce an expert report pursuant to TCPRC Section 74.351. Moreover, the trial court therefore erred in dismissing Plaintiff's claims against Defendant, because of Plaintiff's failure to produce to Defendant an expert report pursuant to TCPRC Section 74.351.

## PRAYER

Plaintiff respectfully prays that the Court reverse the judgment of the trial court and remand this case for further proceedings.

Respectfully submitted,
Harold K. Tummel
State Bar No. 20286675
S.D. Tex. No. 11901
tummel@bizrgv.rr.com
Lydia Casso Tummel
State Bar No. 00791830
S.D. Tex. No. 18782
lct@bizrgv.rr.com
Tummel & Casso
McColl At Trenton
4430 South McColl Road
Edinburg, Texas 78539
Telephone:  (956) 664-2222
Telecopier:  (956) 664-0522

**ATTORNEYS FOR APPELLANT**

## <u>TRAP 9.4(i)(3) CERTIFICATE</u>

According to the software program used to make this brief, this brief contains 1333 words.

Harold K. Tummel

## CERTIFICATE OF SERVICE

I, Harold K. Tummel, certify that today, December 15, 2015, a copy of the brief of appellant, was served upon the following by first class mail, postage prepaid:

Ms. Maria Patricia Solis
3233 Southmost Blvd.
Brownsville, Texas 78521


Harold K. Tummel

# APPENDIX 1



# IN THE DISTRICT COURT
# OF CAMERON COUNTY, TEXAS
# THE 357TH JUDICIAL DISTRICT OF TEXAS

NYDIA DE LA GARZA
Vs.
THE HOME CARE TEAM, INC., AND
MARIA PATRICIA SOLIS

No. 2014-DCL-1584-E

### ORDER OF DISMISSAL WITH PREJUDICE

On November 12, 2015, the Court heard the Motion to Dismiss for Failure to Provide an Expert Report filed by MARIA PATRICIA SOLIS, one of two Defendants herein. After hearing the argument, the Court allowed the parties to submit additional written briefs on the issue presented. The Court has now heard from the parties.

NYDIA DE LA GARZA, Plaintiff, alleges in her live pleadings that THE HOME CARE TEAM, INC. [THCT], the other Defendant,[1] hired Plaintiff to work as a home healthcare services provider to provide various healthcare services to its customers at their homes. Among Plaintiff's duties, Plaintiff was required to move household trash to trash collection containers.

Plaintiff further alleges that she was required to provide home healthcare services at the home of Joaquina Garcia and Luciano Palafox.[2] The home was owned by Defendant SOLIS, who had rented it to Garcia and Palafox. As part of her duties, Plaintiff was required to throw out the trash. In doing so, Plaintiff alleges that she was required to walk up and down a ramp outside the home. On the occasion in question, Plaintiff alleges that she slipped and fell while walking on the ramp due to its wet, slippery and unsafe condition, resulting in her sustaining bodily injuries.

In her motion, Defendant SOLIS contends that Plaintiff's claim is a healthcare liability claim under the Texas Medical Liability Act, Chapter 74, Tx.Civ.Prac.&Rem.C., and that Plaintiff is required to serve on Defendant an expert report with a curriculum vitae within 120 days of Defendant's original answer as required by §74.351(a), Tx.Civ.Prac.&Rem.C. Defendant states that she has not been served with an expert report within the time required by §74.351(a), *supra*. Because Plaintiff has failed to timely file an expert report, Defendant claims that she is entitled to the dismissal of Plaintiff's claim with prejudice under §74.351(b), *supra*. Plaintiff responds that her claim against Defendant SOLIS is not a healthcare liability claim; that she is not a healthcare provider as the term is defined by §74.001, *supra*; and that she is not required to serve such an expert report.

---

[1] On November 16, 2015, the Court signed its Order of Dismissal in favor of THCT on its motion also heard on November 12, 2015.
[2] Plaintiff had also sued these two persons, but subsequently non-suited them.

22

The Court first considers whether Plaintiff presents a healthcare liability claim. In *Ross v. St. Luke's Episcopal Hospital*, 462 S.W.3d 496 (Tex. 2015), the Supreme Court set out several non-exclusive considerations for determining whether a safety standards-based claim is a healthcare liability claim under the Texas Medical Liability Act, *supra*. Among the considerations it listed, the Court included: "At the time of the injury was the claimant providing or assisting in providing health care?" At p. 505. By her own pleadings, Plaintiff alleged that Plaintiff was at the home owned by Defendant SOLIS to provide home healthcare services when she sustained her injuries. Accordingly, the Court finds that Plaintiff presents a healthcare claim under Chapter 74, *supra*. *See also Reddic v. East Texas Medical Center Regional Health Care System*, No. 14-0333, Supreme Court of Texas (October 30, 2015).

The Court next considers whether Plaintiff is a healthcare service provider. Section 74.001(12)(A) and (B), *supra*, define the term "health care provider" as "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including … an employee, independent contractor, or agent of a health care provider or physician acting in the course and scope of the employment or contractual relationship." Again, by her own pleadings, Plaintiff alleged that the Defendant THCT is a home healthcare services provider, that Plaintiff was an employee of THCT, and that Plaintiff provided home healthcare services at the home owned by Defendant SOLIS when she sustained her injuries. The Court finds that Plaintiff is a home healthcare service provider as defined in §74.001(12)(A) and (B), *supra*.

Finally, the Court finds that Plaintiff has failed to serve Defendant SOLIS, within the time provided by law, an expert report as required by §74.351(a), Tx.Civ.Prac.&Rem.C.

**IT IS THEREFORE ORDERED** that Defendant SOLIS' Motion to Dismiss for Failure to Provide an Expert Report be and is hereby **GRANTED**. Accordingly, **IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant SOLIS be and is hereby **DISMISSED** with prejudice.

The Clerk shall issue copies of this Order to all counsel of record.

Signed on November 25, 2015.

**J. MANUEL BAÑALES**
SENIOR JUDGE PRESIDING BY ASSIGNMENT

FILED 2:55 o'clock P M
**ERIC GARZA** - DISTRICT CLERK

**NOV 30 2015**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #1

*Send copies to:*

Gary A. Thorton, gthornton@jw.com
Harold K. Tummel, hkt@bizrgv.rr.com
Myles Garza, myles@rgarzalaw.com

2

23

# APPENDIX 2

CIVIL PRACTICE AND REMEDIES CODE

TITLE 4. LIABILITY IN TORT

CHAPTER 74. MEDICAL LIABILITY

SUBCHAPTER A. GENERAL PROVISIONS

Sec. 74.001.  DEFINITIONS.  (a)  In this chapter:

(1)  "Affiliate" means a person who, directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with a specified person, including any direct or indirect parent or subsidiary.

(2)  "Claimant" means a person, including a decedent's estate, seeking or who has sought recovery of damages in a health care liability claim.  All persons claiming to have sustained damages as the result of the bodily injury or death of a single person are considered a single claimant.

(3)  "Control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of the person, whether through ownership of equity or securities, by contract, or otherwise.

(4)  "Court" means any federal or state court.

(5)  "Disclosure panel" means the Texas Medical Disclosure Panel.

(6)  "Economic damages" has the meaning assigned by Section 41.001.

(7)  "Emergency medical care" means bona fide emergency services provided after the sudden onset of a medical or traumatic condition manifesting itself by acute symptoms of sufficient severity, including severe pain, such that the absence of immediate medical attention could reasonably be expected to result in placing the patient's health in serious jeopardy, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part.  The term does not include medical care or treatment that occurs after the patient is stabilized and is capable of receiving medical treatment as a nonemergency patient or that is unrelated to the original medical emergency.

(8)  "Emergency medical services provider" means a licensed public or private provider to which Chapter 773, Health and Safety Code, applies.

(9)  "Gross negligence" has the meaning assigned by Section 41.001.

(10)  "Health care" means any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement.

(11)  "Health care institution" includes:

(A)   an ambulatory surgical center;

(B)   an assisted living facility licensed under Chapter 247, Health and Safety Code;

(C)   an emergency medical services provider;

(D)   a health services district created under Chapter 287, Health and Safety Code;

(E)   a home and community support services agency;

(F)   a hospice;

(G)   a hospital;

(H)   a hospital system;

(I)   an intermediate care facility for the mentally retarded or a home and community-based services waiver program for persons with mental retardation adopted in accordance with Section 1915(c) of the federal Social Security Act (42 U.S.C. Section 1396n), as amended;

(J)   a nursing home;  or

(K)   an end stage renal disease facility licensed under Section 251.011, Health and Safety Code.

(12)(A) "Health care provider" means any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including:

(i)   a registered nurse;

(ii)   a dentist;

(iii)   a podiatrist;

(iv)   a pharmacist;

(v)   a chiropractor;

(vi)   an optometrist;

(vii)   a health care institution;  or

(viii)   a health care collaborative certified under Chapter 848, Insurance Code.

(B)   The term includes:

(i)   an officer, director, shareholder, member, partner, manager, owner, or affiliate of a health care provider or physician;  and

(ii)   an employee, independent contractor, or agent of a health care provider or physician acting in the course and scope of the employment or contractual relationship.

(13)   "Health care liability claim" means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health

care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. The term does not include a cause of action described by Section 406.033(a) or 408.001(b), Labor Code, against an employer by an employee or the employee's surviving spouse or heir.

(14) "Home and community support services agency" means a licensed public or provider agency to which Chapter 142, Health and Safety Code, applies.

(15) "Hospice" means a hospice facility or activity to which Chapter 142, Health and Safety Code, applies.

(16) "Hospital" means a licensed public or private institution as defined in Chapter 241, Health and Safety Code, or licensed under Chapter 577, Health and Safety Code.

(17) "Hospital system" means a system of hospitals located in this state that are under the common governance or control of a corporate parent.

(18) "Intermediate care facility for the mentally retarded" means a licensed public or private institution to which Chapter 252, Health and Safety Code, applies.

(19) "Medical care" means any act defined as practicing medicine under Section 151.002, Occupations Code, performed or furnished, or which should have been performed, by one licensed to practice medicine in this state for, to, or on behalf of a patient during the patient's care, treatment, or confinement.

(20) "Noneconomic damages" has the meaning assigned by Section 41.001.

(21) "Nursing home" means a licensed public or private institution to which Chapter 242, Health and Safety Code, applies.

(22) "Pharmacist" means one licensed under Chapter 551, Occupations Code, who, for the purposes of this chapter, performs those activities limited to the dispensing of prescription medicines which result in health care liability claims and does not include any other cause of action that may exist at common law against them, including but not limited to causes of action for the sale of mishandled or defective products.

(23) "Physician" means:

(A) an individual licensed to practice medicine in this state;

(B) a professional association organized under the Texas Professional Association Act (Article 1528f, Vernon's Texas Civil Statutes) by an individual physician or group of physicians;

(C) a partnership or limited liability partnership formed by a group of physicians;

(D) a nonprofit health corporation certified under Section 162.001, Occupations Code;  or

(E) a company formed by a group of physicians under the Texas

Limited Liability Company Act (Article 1528n, Vernon's Texas Civil Statutes).

(24) "Professional or administrative services" means those duties or services that a physician or health care provider is required to provide as a condition of maintaining the physician's or health care provider's license, accreditation status, or certification to participate in state or federal health care programs.

(25) "Representative" means the spouse, parent, guardian, trustee, authorized attorney, or other authorized legal agent of the patient or claimant.

(b) Any legal term or word of art used in this chapter, not otherwise defined in this chapter, shall have such meaning as is consistent with the common law.

Added by Acts 2003, 78th Leg., ch. 204, Sec. 10.01, eff. Sept. 1, 2003.
Amended by:
Acts 2011, 82nd Leg., 1st C.S., Ch. 7 (S.B. 7), Sec. 4.02, eff. September 1, 2011
Acts 2015, 84th Leg., R.S., Ch. 728 (H.B. 1403), Sec. 1, eff. September 1, 2015.


Sec. 74.002. CONFLICT WITH OTHER LAW AND RULES OF CIVIL PROCEDURE. (a) In the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict.

(b) Notwithstanding Subsection (a), in the event of a conflict between this chapter and Section 101.023, 102.003, or 108.002, those sections of this code control to the extent of the conflict.

(c) The district courts and statutory county courts in a county may not adopt local rules in conflict with this chapter.

Added by Acts 2003, 78th Leg., ch. 204, Sec. 10.01, eff. Sept. 1, 2003.


Sec. 74.003. SOVEREIGN IMMUNITY NOT WAIVED. This chapter does not waive sovereign immunity from suit or from liability.

Added by Acts 2003, 78th Leg., ch. 204, Sec. 10.01, eff. Sept. 1, 2003.


Sec. 74.004. EXCEPTION FROM CERTAIN LAWS. (a) Notwithstanding any other law, Sections 17.41-17.63, Business & Commerce Code, do not apply to physicians or health care providers with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

(b) This section does not apply to pharmacists.

Added by Acts 2003, 78th Leg., ch. 204, Sec. 10.01, eff. Sept. 1, 2003.

Sec. 74.351.  EXPERT REPORT.  (a)  In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.  The date for serving the report may be extended by written agreement of the affected parties.  Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

(b)  If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

(1)  awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider;  and

(2)  dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

(c)  If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency.  If the claimant does not receive notice of the court's ruling granting the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.

[Subsections (d)-(h) reserved]

(i)  Notwithstanding any other provision of this section, a claimant may satisfy any requirement of this section for serving an expert report by serving reports of separate experts regarding different physicians or health care providers or regarding different issues arising from the conduct of a physician or health care provider, such as issues of liability and causation.  Nothing in this section shall be construed to mean that a single expert must address all liability and causation issues with respect to all physicians or health care providers or with respect to both liability and causation issues for a physician or health care provider.

(j)  Nothing in this section shall be construed to require the serving of an expert report regarding any issue other than an issue relating to liability or causation.

(k)  Subject to Subsection (t), an expert report served under this section:

(1)  is not admissible in evidence by any party;

(2)  shall not be used in a deposition, trial, or other proceeding; and

(3)  shall not be referred to by any party during the course of the action for any purpose.

(l)  A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).

[Subsections (m)-(q) reserved]

(r)  In this section:

(1)  "Affected parties" means the claimant and the physician or health care provider who are directly affected by an act or agreement required or permitted by this section and does not include other parties to an action who are not directly affected by that particular act or agreement.

(2)  "Claim" means a health care liability claim.

[(3) reserved]

(4)  "Defendant" means a physician or health care provider against whom a health care liability claim is asserted.  The term includes a third-party defendant, cross-defendant, or counterdefendant.

(5)  "Expert" means:

(A)  with respect to a person giving opinion testimony regarding whether a physician departed from accepted standards of medical care, an expert qualified to testify under the requirements of Section 74.401;

(B)  with respect to a person giving opinion testimony regarding whether a health care provider departed from accepted standards of health care, an expert qualified to testify under the requirements of Section 74.402;

(C)  with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care in any health care liability claim, a physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence;

(D)  with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a dentist, a dentist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence;  or

(E)  with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a podiatrist, a podiatrist

or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence.

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

(s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:

(1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

(2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

(t) If an expert report is used by the claimant in the course of the action for any purpose other than to meet the service requirement of Subsection (a), the restrictions imposed by Subsection (k) on use of the expert report by any party are waived.

(u) Notwithstanding any other provision of this section, after a claim is filed all claimants, collectively, may take not more than two depositions before the expert report is served as required by Subsection (a).

Added by Acts 2003, 78th Leg., ch. 204, Sec. 10.01, eff. Sept. 1, 2003.
Amended by:
    Acts 2005, 79th Leg., Ch. 635 (H.B. 2645), Sec. 1, eff. September 1, 2005.
    Acts 2013, 83rd Leg., R.S., Ch. 870 (H.B. 658), Sec. 2, eff. September 1, 2013.